UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG, INC., <br><br> PLAINTIFF, <br><br> V. <br><br> AROMATIQUE, INC., ET AL., <br><br> DEFENDANTS. | Civil Action No. 2:10-CV-00570-TJW |

### ACADEMY, LTD.'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

Academy, Ltd. d/b/a Academy Sports + Outdoors d/b/a Academy Sports and Outdoors ("Defendant" or "Academy") answers the Amended Complaint of Plaintiff Geotag, Inc. ("Plaintiff" or "Geotag") as follows.  The numbered paragraphs below correspond to the same numbered paragraphs in the Amended Complaint.

### PARTIES

1. Academy admits that Geotag purports to have a place of business in Plano, Texas.

2. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

3. Academy admits that it has a place of business in Katy, Texas.

4. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

5. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

6. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

7. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

8. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

9. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

10. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

11. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

12. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

13. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

14. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

15. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

16. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

17. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

18. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

19. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

20. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

21. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

22. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

23. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

24. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

25. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

26. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

27. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

28. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

29. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

30. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

31. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

32. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

33. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

34. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

35. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

36. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

37. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

38. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

39. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

40. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

41. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

42. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

43. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

44. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

45. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

46. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

47. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

### JURISDICTION AND VENUE

1. Academy states that the allegations in this Paragraph constitute legal conclusions to which a responsive pleading is not required; however, Academy admits the Complaint purports to set forth an action arising under the patent laws of the United States, Title 35 of the United States

Code. Academy admits that subject-matter jurisdiction is proper as to this action only pursuant to 28 U.S.C. §§ 1331 and 1338(a) as the Complaint purports to set forth a civil action for patent infringement arising under the United States' patent statutes. Academy admits that it has a website and does business in this district. Any allegations not specifically admitted are denied.

2. Academy states that the allegations in this Paragraph constitute legal conclusions to which a responsive pleading is not required; however, Academy admits that venue is proper as to this action only pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Academy admits that it has a website and does business in this district. Any allegations not specifically admitted are denied.

3. Academy states that the allegations in this Paragraph constitute legal conclusions to which a responsive pleading is not required; however, Academy admits that this Court has previously construed the '474 Patent in the Geomas Lawsuit and issued a Memorandum Opinion and Order construing certain claims of the '474 Patent on November 20, 2008. Any allegations not specifically admitted are denied.

COUNT I

INFRINGEMENT OF U.S. PATENT NO. 5,930,474

4. Academy admits that U.S. Patent No. 5,930,474 ("the '474 Patent") is entitled "Internet Organizer for Accessing Geographically and Topically Based Information." Any allegations not specifically admitted are denied.

5. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

6. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

7. Academy denies the allegations in this paragraph to the extent that they are applicable to Academy. Academy otherwise lacks information sufficient to admit or deny the allegations in this paragraph.

8. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

9. Academy denies the allegations in this paragraph.

10. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

11. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

12. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

13. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

14. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

15. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

16. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

17. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

18. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

19. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

20. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

21. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

22. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

23. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

24. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

25. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

26. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

27. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

28. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

29. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

30. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

31. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

32. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

33. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

34. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

35. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

36. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

37. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

38. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

39. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

40. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

41. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

42. Academy denies the allegations in this paragraph to the extent that they are applicable to Academy. Academy otherwise lacks information sufficient to admit or deny the allegations in this paragraph.

43. Academy lacks information sufficient to admit or deny the allegations in this paragraph.

Academy denies that Plaintiff is entitled to any of the relief sought in Plaintiff's Prayer for Relief to the extent relief is sought against Academy.

## AFFIRMATIVE DEFENSES

1. Academy has not infringed, and is not infringing, either literally or under the doctrine of equivalents, any valid claim of the '474 patent.

2. The '474 patent is invalid for failure to satisfy one or more of the conditions of patentability of 35 U.S.C. §§ 101, 102, 103, and/or 112.

3. Plaintiff's claims are barred in whole or in part by the equitable doctrine of estoppel, including, but not limited to, the doctrine of prosecution history estoppel. Upon information and belief, because of actions taken during the prosecution of the applications that resulted in the '474 Patent, including amendment, cancellation, or abandonment of claims, and the admissions and other statements made therein by or on behalf of the patentee, Plaintiff is

estopped from claiming a construction of the '474 Patent that would cause any valid claim to cover or include any method or system made, used, offered for sale, sold, or imported by Academy.

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

5. Upon information and belief, to the extent Plaintiff may be entitled to damages, any claim for damages for patent infringement by Plaintiff is limited by 35 U.S.C. §§ 286 and 287 to those damages occurring only after notice of infringement.

6. To the extent that Plaintiff seeks injunctive relief for alleged infringement, the relief sought by Plaintiff is unavailable because any alleged injury to Plaintiff is not immediate or irreparable and because Plaintiff has an adequate remedy at law for any alleged injury.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Academy asserts the following Counterclaims against Plaintiff.

## PARTIES

1. Academy is a Texas corporation having its principal place of business in Katy, Texas.

2. Plaintiff Geotag, Inc. claims it is a Delaware corporation with its principal offices in Plano, Texas.

## JURISDICTION AND VENUE

3. This is an action for a declaration that the claims of United States Patent No. 5,930,474 ("the '474 Patent") are invalid and/or not infringed pursuant to the Patent Laws of the United States, 35 U.S.C. §§ 101, *et seq.* Accordingly, this Court has subject matter jurisdiction under the Federal Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202, and

under Title 28, United States Code §§ 1331 and 1338(a).

4. An actual, substantial, and continuing justiciable controversy exists between Academy and Plaintiff with respect to which Academy requires a declaration of its rights by this Court. Specifically, the controversy relates to the invalidity and non-infringement of the '474 Patent and to Plaintiff's right to threaten and/or maintain a suit against Academy for infringement of the '474 Patent.

5. This Court has jurisdiction over Plaintiff because it brought its suit alleging patent infringement in this Court.

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391 as to this action.

### COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '474 PATENT

7. Academy realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

8. Academy has not infringed and does not infringe any valid claim of the '474 Patent literally, directly, willfully, indirectly (such as contributorily or by way of inducement), and/or under the doctrine of equivalents.

9. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiff and Academy as to whether Academy has infringed or infringes any valid claim of the '474 Patent.

10. Academy requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes set forth above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights

and duties in this regard.

COUNT II – DECLARATORY JUDGMENT OF INVALIDITY OF THE '474 PATENT

11.    Academy realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

12.    The '474 Patent is invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, particularly 35 U.S.C. §§ 101, 102, 103 and/or 112.

13.    There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiff and Academy as to whether there exists any valid asserted claim of the '474 Patent.

14.    Academy requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes set forth above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

RELIEF REQUESTED

Academy requests that this Court enter judgment in its favor and grant the following relief:

a.    Deny all relief requested by Plaintiff in view of any or all of the denials or affirmative defenses set forth above;

b.    Enter judgment that Academy has not infringed and does not infringe any valid claim of the '474 Patent literally, directly, willfully, contributorily, by way of inducement, and/or under the doctrine of equivalents.

c.    Enter judgment that the claims of the '474 Patent are invalid pursuant to Title 35

of the United States Code.

  d.  Find this to be an exceptional case under 35 U.S.C. § 285 and award Academy its costs, expenses, and attorneys' fees incurred in this action; and

  e.  Award Academy such other and further relief as the Court may deem just and proper.

DATED this 4th day of March, 2011.

>Respectfully submitted,
>
>/s/ Darin M. Klemchuk
>Darin M. Klemchuk
>State Bar No. 24002418
>Casey L. Griffith
>State Bar No. 24036687
>Kirby B. Drake
>State Bar No. 24036502
>KLEMCHUK KUBASTA LLP
>8150 N. Central Expy., Suite 1150
>T: 214.367.6000
>F: 214.367.6001
>darin.klemchuk@kk-llp.com
>casey.griffith@kk-llp.com
>kirby.drake@kk-llp.com
>
>**ATTORNEYS FOR DEFENDANT ACADEMY, LTD.**

### CERTIFICATE OF SERVICE

The undersigned certifies that this pleading was filed electronically in compliance with Local Rule CV-5(a). As such, this document has been served on all counsel who have consented to electronic service.

>/s/ Darin M. Klemchuk
>Darin M. Klemchuk